**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

ROBERT SINGLETON JOHNSON, JR.                                                    PLAINTIFF
ADC #136702

v.                                        1:11CV00004-JJV

RAY HOBBS, Director, Arkansas
Department of Correction; *et al.*                                              DEFENDANTS

<u>**MEMORANDUM AND ORDER**</u>

Plaintiff, Robert Johnson, Jr., is an inmate in the Arkansas Department of Correction (ADC)

Ouachita River Unit.  He filed a *pro se* Complaint (Doc. No. 2) pursuant to 42 U.S.C. § 1983,

alleging that while at the ADC Grimes Unit, the defendants violated his constitutional rights.

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the defendants filed a Motion

for Summary Judgment (Doc. No. 44).  Mr. Johnson filed a Response (Doc. No. 50) and the matter

is ripe for a decision.

After careful consideration, the Court finds defendants are entitled to summary judgment as

a matter of law.  For the following reasons, the Motion for Summary Judgment is GRANTED and

Mr. Johnson's Complaint is DISMISSED.

**I.      UNDISPUTED FACTS**

On August 3, 2010, while working in Grimes Housing Unit 4, Officer Sorrells observed an

altercation between Mr. Johnson, an African American, and Randal Stormes, a white inmate.  (Doc.

No. 45-2 at 24.)  Following the incident, each inmate was asked to write a witness statement.  (Doc.

No. 45 ¶ 7.)  Mr. Johnson wrote, "I do not wish to make a statement as statements tend to have an

adverse affect on the one making them."  (*Id.* ¶ 8.)  Officer Sorrells issued major disciplinaries to

both inmates.  (Doc. No. 45 ¶ 5.)  He charged Stormes with two violations - creating unnecessary

noise and provoking or agitating a fight. (*Id.* ¶ 14.) He charged Johnson with those charges and with battery and use of force on another inmate, because he had observed Johnson throwing punches in the altercation. (Doc. No. 45 ¶ 10; Doc. No. 45-2 ¶ 10.)

Disciplinary hearings were held on August 9, 2010 before Hearing Officer Chad Davis. (Doc. No. 45 ¶¶ 12, 15, 30). Mr. Johnson waived attendance at his hearing. (Doc. No. 45, ¶ 12). He was found guilty of all three charges and sentenced to thirty days punitive isolation and reduced to Class IV status. (*Id.*)

Mr. Stormes attended his hearing. (*Id.* ¶ 15). He stated, "Robert Johnson came out of his cell and was trying to start an argument. I was hollering and getting away. He started throwing punches." (*Id.* ¶ 16.) Stormes was found guilty only of creating unnecessary noise and sentenced to ten days restriction of commissary, phone, and visitation and reduced to Class IV status. (*Id.* ¶ 18.)

In his Complaint, Mr. Johnson asserts that the additional charge and harsher punishment violated his equal protection rights. (Doc. No. 2.)

## III.   STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the Court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825

(8th Cir. 2007).   The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy.  *Id.* (citations omitted).   A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case.  *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment.  *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## III.   ANALYSIS

### A.   Official Capacity Claims

Defendants argue that Mr. Johnson's official capacity claims for money damages are barred by the doctrine of sovereign immunity. (Doc. No. 46 at 10.)  Mr. Johnson disagrees.  (Doc. No. 50 at 4).

Defendants were employees of ADC (Doc. No. 45 ¶ 4) and ADC is an administrative agency of the State of Arkansas.  (*Id.* ¶ 3.)  A suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the state.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).   The State of Arkansas and its agencies are immune under the Eleventh Amendment from suits under § 1983.  *See Murphy v. State of Ark.*, 127 F.3d 750, 754 (8th Cir. 1997).   Although a state may waive its immunity, the State of Arkansas has not waived its sovereign immunity.  *See Doe v. Nebraska*, 345 F.3d 593, 597 (8th Cir. 2003);  *Burk v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991).  Mr. Johnson's claims for monetary damages against the defendants in their official capacity are barred by the doctrine of sovereign immunity and are, therefore, dismissed.

B.      **Respondeat Superior**

In their Motion for Summary Judgment, the defendants state that Mr. Johnson asserts liability against Warden Maples based on his status as Warden at the Grimes Unit and against Director Hobbs based on his position as ADC Director.  (Doc. No. 46 at 8.)  Mr. Johnson admits that he seeks to hold these defendants liable based on their supervisory positions.  (Doc. No. 50 at 15-17.)

Supervisors cannot be held liable under § 1983 on a theory of respondeat superior or supervisor liability.  *See Briscoe v. County of St. Louis, Missouri*, 690 F.3d 1004, 1011 (8th Cir. 2012); *Luckert v. Dodge County*, 684 F.3d 808, 817 (8th Cir. 2012).  A supervisor can only be held liable for their personal involvement in a constitutional violation, or when their corrective inaction amounts to deliberate indifference to or tacit authorization of the violative practices.  *Luckert*, 684 F.3d at 817.

Mr. Johnson responds that prior to the August 3 incident, he put Warden Maples and Director Hobbs on notice that racial misconduct was occurring at the Grimes Unit.  (Doc. No. 50 at 15-17.) He asserts that his prior complaints establish that Warden Maples and Director Hobbs not only knew about the racial misconduct at the unit but facilitated and approved it.  To defeat the properly supported Motion for Summary Judgment, Mr. Johnson cannot rely on unsupported conclusory allegations and must present affirmative evidence.  *See Celotex Corp. V. Catrett*, 477 U.S. 317, 324-325 (1986); *Dunavant v. Moore*, 907 F.2d 77, 80 (8th Cir. 1990).  In the absence of such evidence, Mr. Johnson fails to create an issue of fact for trial.  Defendants Maples and Hobbs cannot be held liable on a theory of respondeat superior and they are entitled to summary judgment as a matter of law.

C.      **Racial Discrimination**

Mr. Johnson makes a disparate treatment claim regarding the different disciplinary charges

and punishments he received as compared to a white inmate involved in the same conduct. (Doc. No. 50 at 1.)  Specifically, Mr. Johnson was charged and found guilty of three violations while the white inmate was charged with two violations and found guilty of one.  (*Id.*)

Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race.  *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963 (1974).  To state a claim of racial discrimination, the prisoner must show that similarly situated inmates were treated differently and that this difference in treatment bears no rational relation to any legitimate penal interest.  *See Weiler v. Purkett*, 137 F.3d 1047, 1051 (8th Cir. 1998); *Abdullah v. Gunter*, 949 F.2d 1032, 1037 (8th Cir. 1991).  Dissimilar treatment of dissimilarly situated persons, does not violate equal protection.  *Klinger v. Dep't of Corrs.*, 31 F.3d 727, 731 (8th Cir. 1994).  Thus the initial inquiry in analyzing Mr. Johnson's equal protection claim is determining whether he and Mr. Stormes are similarly situated.  *U.S. v. Whiton*, 48 F.3d 356, 358 (8th Cir. 1995).  Absent a threshold showing that he and Stormes are similarly situated, Mr Johnson does not have a viable equal protection claim.  *Klinger*, 31 F.3d at 731.

On their face, Mr. Johnson's allegations are concerning.  However, defendants offer compelling evidence that Johnson and Stormes are not similarly situated.  (Doc. No. 46 at 6.) Defendants submitted Mr. Johnson's deposition testimony and declarations from Officer Sorrells and Hearing Officer Davis.  (Doc. Nos. 45-1 to 45-3.)  After a close review of the undisputed facts, the Court finds that Johnson and Stormes are not similarly situated.  Officer Sorrells observed only Johnson throwing punches during the altercation and, therefore, Johnson and Stormes were not equally charged.  (Doc. No. 45-2 ¶ 10; Doc. No.  45-3 ¶¶ 4, 17.)  Throwing punches is considered a more serious charge than creating unnecessary noise.  (Doc. No. 45-2 ¶ 11; Doc. No. 45-3 ¶ 4.) Further, Mr. Johnson admits he was the only one throwing punches and throwing punches is the

more serious offense.  (Doc. No. 45-1 at 93, 95-96.)

Mr. Johnson's charges and resulting punishment were based on his conduct during the altercation. (Doc. No. 45-2 ¶ 15; Doc. No. 45-3 ¶ 25.)  And his defense of his charges differed greatly to that of Mr. Stormes.   As such, Johnson and Stormes are dissimilarly situated persons who received dissimilar treatment.   For these reasons, the Court finds that Mr. Johnson fails to state a viable equal protection claim against the defendants and they are entitled to summary judgment as a matter of law.

Additionally, the Court has considered Mr. Johnson's argument that because he and Stormes have a history of fighting, they should be considered similarly situated.   While this creates a similarity, to satisfy the threshold requirement Mr. Johnson must establish that he and Mr. Stormes are similarly situated in all relevant aspects.   *See Carter v. Ark.*, 392 F.3d 965, 969 (8th Cir. 2004). This is not the case.  Therefore, his argument is without merit.

### D.    Qualified Immunity

The defendants also assert they are entitled to qualified immunity.   Qualified immunity shields government officials performing discretionary functions from liability for damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).   Qualified immunity is a question of law, not a question of fact. *McClendon v. Story Cnty. Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005).   Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (the privilege is "*an immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial").

To determine whether a defendant is entitled to qualified immunity, the courts generally

consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 201 (2001).[1] "Qualified immunity is appropriate only if no reasonable fact-finder could answer yes to both of these questions." *Nelson v. Corr. Med. Services*, 583 F.3d 522, 528 (8th Cir. 2009).

The United States Supreme Court precedent establishes:

> [T]he right the official is alleged to have violated must have been 'clearly established' in a more particularized, and hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent.

*Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

For the reasons discussed above, the Court finds that Mr. Johnson fails to establish that the defendants violated his constitutional rights. They are, therefore, entitled to qualified immunity.

### E.      Motion for Leave to Supplement the Record (Doc. No. 52)

In support of his Response, Mr. Johnson submitted several exhibits. (Doc. No. 51.) Instead of being docketed with his Response and Brief In Support (Doc. No. 50), the exhibits were docketed with his Response to Defendants' Statement of Facts (Doc. No. 51). He now seeks an order correcting the matter. The Court finds this error to have no affect on its resolution of the Motion for Summary Judgment. Mr. Johnson's Motion for Leave to Supplement the Record (Doc. No. 52) is, therefore, DENIED as moot.

---

[1]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Nelson*, 583 F.3d at 528 (quoting *Pearson*, 555 U.S. at 236).

**IV.    CONCLUSION**

IT IS, THEREFORE, ORDERED that:

1.      Defendants' Motion for Summary Judgment (Doc. No. 44) is GRANTED.

2.      Mr. Johnson's Complaint (Doc. No. 2) is DISMISSED with prejudice.

3.      Mr. Johnson's Motion for Leave to Supplement the Record (Doc. No. 52) is DENIED

as moot.

3.      The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis*

appeal from this Memorandum Order and the accompanying Judgment would not be taken in good

faith.

ORDERED this <u>4th</u> day of February, 2014.


_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE